*EXHIBIT A.*

CLOSED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:94-cv-10535-DPW

Sanchez v. USA
Assigned to: Judge Douglas P. Woodlock
Demand: $0
Case in other court: U.S.D.C. - D. Mass., 88cr246
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 03/18/1994
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Rafael Sanchez**                    represented by **Rafael Sanchez**
                                                     F.C.I. Fairton
                                                     PO Box 420
                                                     Fairton, NJ 08320
                                                     PRO SE

V.

**Respondent**

**USA**                               represented by **Heidi E. Brieger**
                                                     United States Attorney's Office
                                                     John Joseph Moakley Federal Courthouse
                                                     1 Courthouse Way
                                                     Suite 9200
                                                     Boston, MA 02210
                                                     617-748-3293
                                                     Fax: 617-748-3358
                                                     Email: heidi.brieger@USDOJ.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/1994 | 1 | Motion by Rafael Sanchez to vacate under 28 U.S.C. 2255 , FILED. (fmr) (Entered: 03/24/1994) |
| 03/18/1994 |   | Case drawn as Civil Action No. 94cv10535. (fmr) (Entered: 03/24/1994) |
| 04/11/1994 | 2 | Judge Douglas P. Woodlock . Order. ORDERED that the Clerk of this Court serve a copy of the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody upon the U.S. Attorney, and that the Respondent shall, within 20 days of receipt of this Order, file an Answer, or other responsive pleading, to the Motion to Vacate, Set Aside |

| | | |
|---|---|---|
| | | or Correct Sentence, ENTERED. (cc/cl) (fmr) (Entered: 04/11/1994) |
| 05/13/1994 | 3 | Response by USA in opposition to [1-1] motion to vacate under 28 U.S.C. 2255, filed. (c/s) (fmr) (Entered: 05/16/1994) |
| 05/31/1994 | 4 | Motion by Rafael Sanchez to extend time by thirty days (to and including 6/28/94) to File a response to the Government's Answer in Opposition to Petitioner's 28 USC Section 2255 Motion , filed. (fmr) (Entered: 05/31/1994) |
| 06/02/1994 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [4-1] motion to extend time by thirty days (to and including 6/28/94) to File a response to the Government's Answer in Opposition to Petitioner's 28 USC Section 2255 Motion . (cc/cl) (fmr) (Entered: 06/02/1994) |
| 06/27/1994 | 5 | Reply by Rafael Sanchez to response to [1-1] motion to vacate under 28 U.S.C. 2255 , filed. (c/s) (fmr) (Entered: 06/27/1994) |
| 07/20/1994 | 6 | Judge Douglas P. Woodlock . Memorandum and Order entered dismissing [1-1] motion to vacate under 28 U.S.C. 2255. (cc/cl) (fmr) (Entered: 07/20/1994) |
| 07/20/1994 | 7 | Judge Douglas P. Woodlock . Order of Dismissal entered. (cc/cl) (fmr) (Entered: 07/20/1994) |
| 07/20/1994 | | Case closed. (fmr) (Entered: 07/20/1994) |
| 07/21/1994 | 8 | Motion by Rafael Sanchez for leave to file A Supplement , filed. (c/s) (fmr) (Entered: 07/22/1994) |
| 07/27/1994 | | Judge Douglas P. Woodlock . Endorsed Order entered denying [8-1] motion for leave to file A Supplement . (cc/cl) (fmr) (Entered: 08/03/1994) |
| 06/25/2001 | 9 | Order of the US Court of Appeals re: successive petitions; Petitioners and co-defendants Edwin and Rafael Sanchez seek leave to file second or successive petitions under 28 U.S.C. 2255 that would invoke the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Under the relevant gatekeeping criterion, such leave can be granted only if the applications contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255 (8). As we have explained, the supreme Court has not yet made the Apprendi rule retroactive to cases on collateral review...The applications are denied without prejudice. (See order #9 for further details). (jr) (Entered: 06/25/2001) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/20/2005 12:52:53 | | |
| PACER Login: us4266 | Client Code: | ajl |

| Description: | Docket Report | Search Criteria: | 1:94-cv-10535-DPW |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.16 |

```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS

RAFAEL SANCHEZ,                )
                               )
          Petitioner           )
                               )
     v.                        ) Civil No. 05-11209-DPW
                               )
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )
```

### GOVERNMENT'S MOTION TO DISMISS PETITIONER'S MOTION
### <u>PURSUANT TO 18 U.S.C. § 2255</u>

The United States of America, through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant U.S. Attorney Heidi E. Brieger, hereby respectfully moves the Court to dismiss petitioner Rafael Sanchez's (hereinafter, "Sanchez") Motion in the above-captioned matter.

As grounds for the request, the government states that Sanchez has failed to satisfy the threshold jurisdictional requirement prior to filing this Motion before this Court. Accordingly, this Court lacks the jurisdiction to consider the Motion.

The instant motion, filed on May 29, 2005, is Sanchez's second motion for relief pursuant to Title 28, United States Code, Section 2255. (The docket sheet for Civil Action No. 94-10535-DPW is attached hereto as Exhibit A). This Court denied the Petitioner's previous Section 2255 Petition by Order dated July 20, 1994.

The Antiterrorism and Effective Death Penalty Act (Pub.L. No. 104-132) (hereinafter "AEDPA") is "codified in scattered sections" of Title 28, United States Code, and provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain ...[(1) "newly discovered evidence", ... or (2) "a new rule of constitutional law ... that was previously unavailable"].

28 U.S.C. §2255, ¶8.

This so-called "certification provision" applies to any second or successive petition filed pursuant to 28 U.S.C. § 2255 after the effective date of the AEDPA, which was April 24, 1996. The certification provision requires that any such Section 2255 petition be authorized and approved by the appropriate court of appeals prior to consideration by the district court. 28 U.S.C. § 2244 (b)(3)(A), as incorporated in ¶8 of 28 U.S.C. § 2255.

Sanchez's Motion has not been certified pursuant to 28 U.S.C. §2255, ¶8, and 28 U.S.C. §2244 (b)(3)(a), as incorporated in 28 U.S.C. §2255. This Court accordingly lacks jurisdiction to consider it. Pratt v. United States, 129 F.3d at 57 (holding that "AEDPA's prior approval provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go

forward."), citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Sanchez has previously sought leave from the Court of Appeals for leave to file a second or successive petition under 28 U.S.C. § 2255, on the ground that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), supports his motion to vacate his sentence. The Court of Appeals denied Sanchez's motion on June 25, 2001, because the Supreme Court has not yet made Apprendi retroactive to cases on collateral review.

Sanchez's claim here, even if this Court had jurisdiction to consider it, is similarly infirm: the Supreme Court's decision in United States v. Booker, 1255 S.Ct. 738 (2005), has not been made retroactive to cases on collateral review. Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005).

Accordingly, this Court must either dismiss Sanchez's motion, or transfer it to the Court of Appeals for certification. Pratt v. United States, 129 F.3d at 57 (holding that the AEDPA's prior approval provision means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals), citing Nunez, 96 F.3d at 991, and referring to 28 U.S.C. § 1631 (1994).

**WHEREFORE,** the government respectfully requests that this Court dismiss Sanchez's Petition in its entirety.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

/s/ Heidi E. Brieger
Heidi E. Brieger
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk, ss.                    Boston, Massachusetts


    This is to certify that a copy of the foregoing Motion was sent by United States mail to Rafael Sanchez, 16974-038, FCI Fort Dix, P.O. Box 7000, Fort Dix, NJ 08640, this 20th day of September, 2005.


    /s/Heidi E. Brieger_____
    HEIDI E. BRIEGER
    Assistant U.S. Attorney