```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


RAFAEL SANCHEZ,                )
    Petitioner,                )    CIVIL ACTION NO.
                               )    05-11209-DPW
        v.                     )
                               )
UNITED STATES OF AMERICA,      )
    Respondent.                )
```

MEMORANDUM AND ORDER
November 4, 2005

The petitioner in this proceeding has on a number of occasions previously sought habeas corpus relief from his 1989 criminal conviction which was affirmed on direct appeal. United States v. Sanchez, 917 F.2d 607 (1st Cir.), cert. denied, 499 U.S. 977 (1990).  I canvassed those prior efforts at collateral attack in a Memorandum and Order entered April 19, 2000 in Civil Action No. 97-10755-DPW.

The instant petition is untimely because the habeas corpus statute for federal prisoners, 28 U.S.C. § 2255, contains a one-year limitations period for such filings.  This petition was brought some fifteen years after the petitioner's conviction became final.

I have considered whether the Court of Appeals would treat the purported basis for relief asserted by the petitioner--the Supreme Court's decision in United States v. Booker, 1255 S. Ct. 738 (2005)--as providing grounds for relaxation of the timeliness requirements of § 2255.  I find that it would not because Booker has not been held retroactive.  United States v. Frazer, 407 F.3d

9, 11 (1st Cir. 2005) ("This Court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive.")

The petition is also barred because it is a successive § 2255 proceeding initiated by petitioner. Successive petitions such as this must be preceded by an application for authorization by the Court of Appeals pursuant to Local Rule 22.2 of the United States Court of Appeals for the First Circuit. See generally Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). The petitioner's failure to obtain such authorization provides a separate and independent grounds for dismissing the instant request for relief.

The clerk is hereby directed to DISMISS this case.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE